E-Filed 6/14/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN D NGO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TRANSPORTATION SECURITY<br>ADMINISTRATION (TSA), et al.,<br><br>　　　　Defendants. | Case No.  16-cv-00481-HRL<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 17, 20 |

　　　　The events that sparked this suit occurred as Justin D. Ngo ("Ngo") waited in a Transportation Security Administration ("TSA") line at the Honolulu International Airport on February 24, 2014. A family stood behind him. The mother and her children played together and occasionally bumped into his luggage. Ngo asked them to stop. The father "REPEATEDLY" kicked Ngo's luggage and then told him, "Lighten up!" Ngo asked a TSA manager to detain the parents; she declined and the family passed through the checkpoint. Airport police officers arrived; one of them interviewed Ngo for an hour, gave him a "service call" number, and escorted him to his flight. Ngo later asked the TSA and Hawaii's Department of Transportation for a copy of any police report filed under the service call number, but no such report was filed. Dkt. No. 1 at 4-6, 10.

　　　　Ngo therefore sues the TSA, TSA Administrator Peter Neffenger ("Neffenger"), TSA Program Analyst Lori M. Hangai ("Hangai"), an unnamed TSA Manager ("Jane Doe") (collectively "the Federal Defendants"), the Honolulu International Airport ("HIA"), District Manager Roy K. Sakata ("Sakata"), and Deputy K. Massey ("Massey") (collectively "the Hawaii Defendants"). Ngo claims: (1) the TSA "and Airport Security" were accomplices to the crime of harassment; (2) the TSA was an accomplice to the crime of assault; (3) the TSA negligently

breached its duty to "ensur[e]" passenger safety; (4) the TSA "and airport police" committed false imprisonment; (5) Massey negligently inflicted emotional distress; (6) Massey and Hangai made criminally false statements "within the jurisdiction of the US federal government," *see* 18 U.S.C. Section 1001(a); and (7) unspecified "agents" violated the Freedom of Information Act ("FOIA"). Dkt. No. 1 at 6-8. Ngo requests $45,000 in compensatory damages and $50,000 in punitive damages. Dkt. No. 1 at 8-9.

Each party consented to magistrate-judge jurisdiction.[1] The Hawaii Defendants move to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b) for lack of personal jurisdiction, lack of subject-matter jurisdiction, improper venue, insufficient service of process, and failure to state a claim, Dkt. No. 17. The Federal Defendants move to dismiss under FRCP 12(b) for lack of subject-matter jurisdiction and failure to state a claim, Dkt. No. 20. The court read the parties' briefs and heard oral arguments; the motions are granted for the reasons discussed below.

### Discussion

A district court applies the personal-jurisdiction law of the forum state where, as here, "there is no applicable federal statute governing personal jurisdiction[.]" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). "California's long-arm jurisdictional statute is coextensive with federal due process requirements," and so under California law a court can exert personal jurisdiction over a defendant if doing so would be consistent with constitutional due process. *Id.* Constitutional due process permits a court to exercise personal jurisdiction "over a non-resident defendant" if that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d at 1111 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The defendant must have minimum contacts "with the

---

[1] The United States replaced Neffenger, Hangai, and Jane Doe as the sole defendant to any tort claims against them in this case. This substitution occurred by operation of law when the United States Attorney General certified they had been acting within the scope of their employment during the events alleged by Ngo. 28 U.S.C. § 2679(d); Dkt. No. 40-1. Only one (non-cognizable) tort claim was alleged against Hangai, and no claims were alleged against Neffenger or Jane Doe. The undersigned is therefore satisfied Neffenger, Hangai, and Jane Doe are not defendants to any claims in this case and their consent to magistrate-judge jurisdiction is unnecessary here.

forum State itself," and it is not enough merely to establish "contacts with persons" who happen to reside within the forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). An alleged injury is therefore "jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum [s]tate." *Id.* at 1125.

The Hawaii Defendants argue that a factually similar Supreme Court case, *Walden v. Fiore*, shows that this court lacks personal jurisdiction over them. Dkt. No. 17 at 10-11 (citing 134 S. Ct. at 1122). Officer Anthony Walden was working as a deputized DEA agent in a Georgia airport when he seized $97,000 in cash from travelers Gina Fiore and Keith Gipson; they attempted to recover their money and eventually sued him in their home state, Nevada. 134 S. Ct. at 1120. They alleged he had unlawfully seized their money and had deliberately submitted a false affidavit to support planned civil-forfeiture proceedings. *Id.* The district court dismissed for lack of personal jurisdiction; the Ninth Circuit reversed under the theory that the alleged submittal of a false affidavit created minimum contacts—it was conduct "expressly aimed" at Nevada because the defendant allegedly knew his tortious act would cause harm within Nevada. 688 F.3d 558, 581 (2011). The Supreme Court reversed the Ninth Circuit because the "relevant conduct occurred entirely in Georgia" and "the mere fact that . . . conduct affected plaintiffs with connections to" Nevada did not establish a sufficient connection between the defendant and Nevada. 134 S. Ct. at 1126.

The jurisdictional analysis is virtually identical here. Ngo alleges Massey harmed him while he was traveling through an airport in Hawaii. The "relevant conduct occurred entirely in" Hawaii, and "the mere fact" that Ngo was about to fly home to California fails to establish minimum contacts between the Hawaii Defendants and California. *See Walden*, 134 S. Ct. at 1126. If anything, it is clearer here than in *Walden* that the court lacks personal jurisdiction; there is no allegation that Massey subsequently committed a tort with the knowledge that he would harm Ngo in California.

Ngo raises two brief arguments for why this court should nevertheless find minimum contacts: (1) the claims against the Hawaii Defendants arise out of "'intentional tort acts' that were 'expressly aimed' at Californian residents," Dkt. No. 24 at 5; and (2) the Hawaii Defendants have

3

"continuous and systematic contacts" because they "direct many of their activities to millions of Californian travelers every day at the airport[.]" Dkt. No. 24 at 6.

The court rejects the first argument because it is inconsistent with *Walden*—an intentional tort committed in an airport does not provide minimum contacts between the tortfeasor and the remote home state of the victim. *See* 134 S. Ct. at 1126. The court rejects the second argument because Ngo conflates specific jurisdiction with general jurisdiction, a distinct personal-jurisdiction standard. A court has general jurisdiction over a defendant if there are "sufficient . . . continuous and systematic" contacts between the defendant and the forum state "to render [the defendant] essentially at home" in that state, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011), but contacts between the Hawaii Defendants and Californian travelers are not contacts between the Hawaii Defendants and the state of California, *see Walden*, 134 S. Ct. at 1126. Ngo's assertion therefore fails to show contacts exist between the Hawaii Defendants and California, let alone that continuous and systematic contacts provide general jurisdiction.

Accordingly, this court lacks personal jurisdiction over the Hawaii Defendants and each claim against them is dismissed without leave to amend. The court turns next to the Federal Defendants' motion.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or there are insufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). The court assumes the truth of factual allegations and construes them in the light most favorable to the claimant. *Id.* But the court may disregard conclusions not supported by underlying factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). The court then draws upon its "experience and common sense" to answer a "context-specific" question: do the alleged facts support a plausible claim? *Id.*

A party may challenge subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "on the face of the pleadings[.]" *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A court evaluates a facial attack by presuming that material allegations are

true and then deciding whether those allegations show a lack of federal subject-matter jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The United States has sovereign immunity "against suits for damages" unless it consents to be sued, and so district courts lack subject-matter jurisdiction over damages claims against the United States unless immunity is "unequivocally" waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act ("FTCA") waives sovereign immunity for certain damages claims arising from "the negligent or wrongful act[s] or omission[s] of" federal employees. 28 U.S.C. § 1346(b).

The court lacks subject-matter jurisdiction over the first through sixth claims—traditional tort claims and homespun claims which sound in tort—because Ngo failed to timely exhaust his administrative remedies. The FTCA does not waive sovereign immunity as to a tort claim, and so the claim is "forever barred[,]" if the claimant fails to present that claim "in writing to the appropriate [f]ederal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b). Ngo failed to plead that he presented any of his tort claims to any federal agency, and the last day for him to do so was February 24, 2016.

Ngo does not assert he filed timely administrative claims and could cure this jurisdictional defect by amendment. Instead, he raises two arguments for why the court should excuse his failure: (1) the court should equitably toll the statute of limitations because he was not provided with the "CCTV footage" that would corroborate his allegations, Dkt. No. 35 at 4-5; and (2) he "exhausted [his] administrative remedies" by making "unsuccessful attempts" to procure a report which does not exist, *see* Dkt. No. 35 at 5-6. The court rejects the second argument because a request for information is not a tort claim, and Ngo was required to submit timely tort claims. The court rejects the first argument because Ngo has failed to show his case warrants equitable tolling. To justify equitable tolling a claimant must show: (1) he has pursued his rights diligently; and (2) extraordinary circumstances prevented him from timely enforcing his rights. *See Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd*, 135 S. Ct. 1625 (2015) (quotations and citations omitted). It is difficult to justify equitable tolling, and it is particularly difficult when a plaintiff who is an attorney has failed to comply with procedural requirements. *Cf. Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir. 1987). The mere fact that Ngo fixated on collecting

evidence instead of enforcing his rights is not even a minimal justification for failing to timely file administrative claims. Ngo is therefore "forever barred" from pursuing tort claims against the United States based on the events alleged in his complaint, and this court lacks subject-matter jurisdiction over the first through sixth claims.

The first, second, and sixth claims are also subject to dismissal because they are not cognizable legal theories upon which relief might be granted. These pseudo-tort claims—accomplice to the crime of harassment, accomplice to the crime of assault, making a false statement in violation of 18 U.S.C. § 1001(a)—request individual relief for allegedly criminal conduct. Criminal law does not, however, ordinarily provide "enforceable individual rights[.]" *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999). Ngo provides no authority to show these allegations of criminal conduct give him enforceable individual rights, and the court has found none. The first, second, and sixth claims are therefore non-cognizable legal theories.

The third claim, negligence, is also subject to dismissal because it fails as a matter of law. In Hawaii a negligence claimant must show a duty was breached and the breach caused damages. *Takayama v. Kaiser Found. Hosp.*, 82 Haw. 486, 498-99 (1996). Whether a duty exists depends on whether the "relation[ship]" between the parties shows the claimant "was entitled to legal protection at the hands of the defendant"; this is "entirely a question of law" to be resolved "on a case-by-case basis" after the court considers pertinent "policy" issues. *Compare Bidar v. Amfac, Inc.*, 66 Haw. 547, 552 (1983), *with Lee v. Corregedore*, 83 Haw. 154, 166 (1996) (collecting cases).

Congress created the TSA two months after the September 11 attacks in order to guard against future attempts to commit airborne terrorism. *See* 49 U.S.C. § 114(d)(1). The TSA is primarily responsible for "security screening operations" in airports. *See* 49 U.S.C. § 114(e)(1). Congress also assigned the TSA fifteen other "[d]uties" related to transportation security. *See* 49 U.S.C. § 114(f). But Congress did not assign a duty to referee disputes between the travelers who wait at security checkpoints—perhaps because the mission of the TSA is, instead, to screen out travelers who intend mass murder. When Ngo entered the security checkpoint, the TSA was a gatekeeper obliged to determine whether he should be permitted to pass; the TSA had no duty to

6

detain a family at his command, even if the children bumped into his luggage, and even if the father kicked his luggage, and even if the parents shouted at Ngo when he demanded their arrest.

The fourth claim, false imprisonment, is also subject to dismissal as implausibly pled. Under Hawaii law the elements of false imprisonment are "(1) the detention or restraint of one against his will, and (2) the unlawfulness of such detention or restraint." *Reed v. City & Cty. of Honolulu*, 76 Haw. 219, 230 (1994) (citations omitted). Ngo alleges, as to the Federal Defendants and this claim, only that he asked a TSA employee to detain a family, and the TSA employee "told [him] to wait next to the security clearance area until the police could question [him]," and then he "waited . . . for about 20 or 30 minutes" until Massey arrived. Dkt. No. 1 at 5. These facts plausibly show Ngo asked for help, and a TSA agent invited him to wait until the police arrived, and he voluntarily accepted that invitation—these facts do not plausibly show anyone detained Ngo against his will.

The fifth claim, negligent infliction of emotional distress, is also subject to dismissal as implausibly pled. Under Hawaii law a negligent-infliction-of-emotional-distress claimant must show either: (1) that a "physical injury to . . . a person or property" was an underlying cause of the emotional distress, *Calleon v. Miyagi*, 76 Haw. 310, 320 (1994); or (2) that his distress eventually resulted in his own physical injury or mental illness, Haw. Rev. Stat. § 663-8.9. Ngo does not allege anyone or anything suffered physical injury and he does not allege his own mental illness; he has therefore failed to plead a plausible claim for negligent infliction of emotional distress.

Finally, the court lacks subject-matter jurisdiction over Ngo's FOIA claim and that claim is implausibly pled. FOIA provides a district court with subject-matter jurisdiction only "to enjoin" a federal "agency from withholding agency records and to order the production of any agency records improperly withheld[.]" 5 U.S.C. § 552(a)(4)(B). A federal agency commits a FOIA violation if it wrongly withholds agency records requested by a claimant. *See*, *e.g.*, *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). Ngo alleges unspecified "agents" wrongly withheld a police report that "was never filed" by Massey, the non-federal officer who allegedly wrote it. Dkt. No. 1 at 8. These allegations fail to plausibly show a federal record existed in the first place, let alone that it was wrongly withheld. Ngo also improperly

1 requests only money as relief for his FOIA claim, Dkt. No. 1 at 8; this court lacks subject-matter
2 jurisdiction to provide non-declaratory, non-injunctive relief to a FOIA claimant. *See Minier v.*
3 *Cent. Intelligence Agency*, 88 F.3d 796, 803 (9th Cir. 1996). The FOIA claim is therefore
4 dismissed for lack of subject-matter jurisdiction and as an implausible claim.

The court is satisfied Ngo could not cure these defects by amendment, and the court therefore dismisses the claims against the Federal Defendants without leave to amend.

### Conclusion

The Hawaii Defendants' motion to dismiss is granted; the court lacks personal jurisdiction over them, and so each claim against them is dismissed without leave to amend. The Federal Defendants' motion to dismiss is also granted: (1) the court lacks subject-matter jurisdiction over each claim against them; (2) the first, second, and sixth claims are not cognizable legal theories; (3) the third claim fails as a matter of law because the TSA and its agents had no duty to detain travelers at Ngo's behest; and (4) the fourth, fifth, and seventh claims are implausibly pled. Ngo could not salvage these claims by amendment, and so each claim against the Federal Defendants is dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: 6/14/16

HOWARD R. LLOYD
United States Magistrate Judge